PER CURIAM.
I,This proceeding arises out of an application for readmission to the practice of law filed by petitioner, E. Eric Guirard, a disbarred attorney.
UNDERLYING FACTS AND , PROCEDURAL HISTORY
In 2009, petitioner and his law partner, Thomas R. Pittenger, were disbarred for engaging in conflicts of interest, failing to supervise their noii-lawyer staff, engaging in impermissible fee-sharing with non-lawyers, and facilitating the unauthorized practice of law by non-lawyers. In re: Guirard & Pittenger, 08-2621 (La.5/5/09), 11 So.3d 1017. In September 2014, petitioner filed an application for readmission with the disciplinary board, alleging he has complied with the readmission criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel (“ODC”) took no position regarding the application for readmission. Accordingly, the matter was referred for a formal hearing before a hearing committee.
Following the hearing, the hearing committee recommended that petitioner be readmitted to the practice of law, subject to a three-year period of supervised probation. The ODC filed an objection to the hearing committee’s report and recommendation. Therefore, pursuant to Supreme Court Rule XIX, § 24(H)(2), this matter was reviewed by the disciplinary board. The disciplinary board recommended that petitioner’s application be denied.
^DISCUSSION
The record supports the conclusion that petitioner has satisfied the necessary requirements to be readmitted to the practice of law. Accordingly, we will readmit petitioner to' thé practice of law, subject to a two-year period of supervised probation.[1]
DECREE
Upon review of the recommendation of the hearing committee and disciplinary board, and considering the. record, it is ordered that E. Eric Guirard, also known as .Eric J. Guirard, Louisiana Bar Roll number-18242, be immediately readmitted to the practice.of law in,Louisiana, subject to a two-year period of supervised probation. The probationary period shall commence from the date petitioner, .the ODC, and the probation monitor execute a formal probation plan. Should petitioner fail to comply with the conditions, of probation, or should he commit any misconduct during the period of probation, his conditional right to practice may be. tenninated" immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.
KNOLL, J,, dissents and assigns reasons. ■
*724 CLARK, J., dissents.
CRICHTON, J,, dissents and assigns reasons.

. Although the hearing committee recommended a three-year probationary period, Supreme Court Rule XIX, § 10(A)(3) provides that probation may be imposed for a period not in excess of two years, which probation may be renewed for an additional two years by consent or after a hearing to determine if there is a continued-need for supervision.